United States Bankruptcy Court
Western District of Pennsylvania

**Suzan Ann Moore**
    **Petitioner/Debtor**

vs.

**Lane LaLone**
    **Defendant**

Debtor(s)

Case No. **13-07023-JAD**

Chapter **7**

## Request for New Hearing and objection to entrance of Judgement

Here comes the Debtor, Plaintiff Suzan Ann Moore and files this Brief on the Landlord and Tenant Act of 1951 at amended in 2012 by the addition of § 505.1 to the Landlord and Tenant act of 1951

1. This case was originally scheduled for January 15th, 2015 at 1:30 pm

2. The Plaintiff and their attorney appeared at Courtroom two at 1:30 pm and were told that the US Marshalls that all hearings had been rescheduled for the next day.  This is the first time the Plaintiff's attorney had heard from anyone dealing with the court of the delay.

3. The Defendant's attorney had told Plaintiff of the hearing set for January 16th, 2015, but as a comment to work out a compromise by that date, no time period for the hearing was given.

4. The Plaintiff and their attorney appeared at 1:30 on January 16, 2015 and was told there were no hearing being held.

5. Due to budget cuts, Laurel Legal Services had adopted a strict policy on paying bills. And when the Plaintiff's Attorney sent in his PACER bill it was not paid and his PACER account was frozen.

6. On January 16th, 2015 Plaintiff's Attorney paid the PACER account himself so he could look at the docket and at that time found out that the hearing had been held at 10:00 AM not 1:30 PM as he had been told.

7. The Defendant's attorney had sent the Plaintiff's attorney a copy of Notice of his appearance and his reliance on the Landlord and Tenant Act of 1951 as modified in July 2012 with the addition of section 505.1 to the Landlord and Tenant Act of 1951.  This is codified as 68 P.S. § 250, 505a.

8. The Plaintiff was prepared to address 68 P.S. § 250, 505a. in that it does NOT apply in this case for it is clearly design for cases where the Tenant leaves personal property behind AND make no efforts to recover such property, not as in this case where THE LANDLORD was the person who took the items from the rental unit AND refused to permit the Plaintiff/Tenant to recover.

9. Pennsylvania's Landlord and Tenant Act of 1951 was passed in 1951 and deals with the eviction process. The Landlord and Tenant Act of 1951 has been amended many times since 1951, the latest in July 2012 with the addition of Section 505.1 to the act. The Law prior to the passage of those amendments was simple, as stated in **BEDNAR v. MARINO, 435 Pa. Super. 417**:

   > As a general rule, a tenant does not forfeit or lose title to his personal property by neglecting to remove it from the leased premises after the termination of the lease. This is so even if the tenant fails to remove his personalty within a reasonable time after the expiration of the lease. [49 Am.Jur.2d, Landlord and Tenant, § 1014](#). Any retention, use or disposal of the tenant's property by the landlord, or any other exercise of dominion over it to the exclusion of the rights of the tenant, constitutes a conversion of the tenant's property by the landlord.

10. In July 2012 the State Legislature added section 505.1 to the Landlord and Tenant Act of 1951. It is Codified as 68 P.S.§ 250.505a. Section 505.1 of the Landlord and Tenant Act (68 P.S. § 250.505a) addresses the issue of personal property left in the leasehold after the Tenant has left the leasehold. This includes when, as in the case of Suzan Moore, when the Tenant is removed under an Order of Possession issued by a Magistrate District Judge:

   > **§ 250.505a**. Disposition of abandoned personal property
   >
   > (a) At the time a tenant has relinquished possession of the real property, the tenant shall remove from the premises all items of the tenant's personal property. For the purposes of this section, a tenant shall be deemed to have relinquished possession of the premises upon any of the following:
   >
   > (1) Execution of an order of possession in favor of the landlord.

11. Now, 68 P.S. § 250.505a (b) addresses what is to happen to personal property NOT removed in the day the Tenant is FORCED to move out of the Rental Unit:

   > (b) Upon relinquishment of the premises under subsection (a) and the acceptance of possession of the real property by the landlord, the tenant shall have ten days to contact the landlord regarding the tenant's intent to remove any personal property remaining on the premises. **If the intent is conveyed to the landlord, the personal property shall be retained by the landlord at a site of the landlord's choosing for thirty days**. If no communication is made to the landlord within ten days, the property may be disposed of

at the end of the ten days at the discretion of the landlord.

12. On the other hand, the LAW must be clear on its face. In this case Suzan Moore was given the 10 day notice in the Order for Possession, but the LANDLORD never gave her an opportunity to recover her property, no matter how many times she tried to recover her property, even after her Attorney, Paul H, Mentzer called the Defendant and tried to work something out, all the Defendant/Landlord wanted was his rent and would NOT PERMIT Suzan Moore to recover her personal property until Suzan Moore paid the rent the Defendant/Landlord claim Suzan Moore owned.

13. Suzan Moore made repeated attempts to recover her property but the Defendant REFUSED TO LEAVE HER RECOVER HER PROPERTY UNTIL SHE PAID RENT DUE.  Susan Moore did **NOT** know her rent was due for her husband never told her that he had failed to pay the rent and had failed to tell her of the legal proceedings being held in Magistrate District Court in regards to the nonpayment of rent.

14. Until Suzan Moore filed Bankruptcy the fact she had NOT been told of the legal proceeding by her husband did NOT exempt her from liability.   At the same time the Defendant/Landlord is NOT entitled to use 68 P.S. § 250.505a when it is clear he failed to fulfill HIS obligations under that law.

15. Under 68 P.S. § 250.505a (d) the landlord is REQUIRED to "exercise ordinary care with regard to any personal property":

> (d) At all times between the acceptance of the premises by the landlord and the expiration of the ten- or thirty-day periods, the landlord shall exercise ordinary care with regard to any personal property that the former tenant has left in or on the real property

16. Under the Landlord and Tenant Act of 1951, the Landlord/Defendant had the right to claim a Landlord lien, and to distress on the personal property left by the Tenant.   Superior Court mention both options in **Hoyt v. Christoforou, 692 A.2d 217 :**

> Faced with the non-payment of rent and the possible abandonment of the premises, Trainer, as landlord, had two statutorily authorized options. First, Trainer could have obtained a **Landlord Lien** pursuant to 68 P.S. § 321. Second, Trainer could have availed himself of the distraint remedy provided for in 68 P.S. § 250.101 *et seq.* While the

    distraint remedy does contemplate sale of the lessee's property, strict notice requirements must be adhered to prior to lawful possession and disposition of the goods.

18. Under 68 P.S. § 250.101 is the start of the Landlord and Tenant Act in Purdon's Statures, Distress is addressed at 68 P.S. § 322:

> § 322. Distress for rent; sale under execution; priority
>
> Whenever any sheriff shall, pursuant to an execution issued, levy upon any goods and chattels upon which there is at the time a distress for rent, or whenever a receiver, a receiver in bankruptcy, or a trustee in bankruptcy shall be appointed for any person, firm, or corporation upon whose goods and chattels there is at the time a distress warrant for rent, any sale, pursuant to such levy or distress for rent, shall be stayed pending the sale of such goods and chattels by the sheriff, receiver, receiver in bankruptcy, or trustee in bankruptcy; and the sheriff, receiver, receiver in bankruptcy, or trustee in bankruptcy may proceed and sell such goods and chattels, as provided by existing law for sales by such officer, and, in such cases, the claim for rent, together with costs of executing such landlord's warrant, may be filed with the sheriff, the receiver, the receiver in bankruptcy, or the trustee in bankruptcy, as the case may be, and shall be a lien on the proceeds of the sale of such personal property, and be paid first out of the proceeds of such sale.

19. When Sections 321 and 322 of the Landlord and Tenant Act of 1951 was adopted, they were adopted at the same time as part of the same act, thus must be read together and when read that way it is clear SOME JUDICIAL ACTION IS REQUIRED UNDER EITHER SECTIONS. It was NOT intended that the LANDLORD just take over the personal property of the Tenant without a court hearing or some other act of the judicial system.

20. The same with 68 P.S. § 250.505a, it is NOT intended to operate outside the Court system UNLESS the Landlord complies with all of its terms and that include giving the Tenant the OPPORTUNITY to recover their property, a opportunity the Landlord/Defendant in this case refused to permit. Now the Language of 68 P.S. § 250.505a would on its face permit a Landlord to take the property of a Tenant without a hearing, but such an interpretation would be a taking of property FROM the Tenant and giving it to the Landlord without any opportunity for the Tenant to dispute such a taking. In theory if the Tenant left a million dollars in Cash in the Rental unit, the Landlord would get that money and then Tenant would lose it, if the Tenant did not try to recover it within 30 days, even if it was impossible for the Tenant to do so do to the act of the Landlord. That is a hypothetical case, but it shows that the act is NOT a complete bar to

recovery of property retained by a landlord for if it was, then the law would permit a forfeiture which is disfavored under the law. **Straup v. Times Herald, 423 A. 2d 713 - Pa: Superior Court 1980, Barraclough v. ATL. REFIN. CO., 230 Pa. Superior Ct. 276 - Pa: Superior Court 1974.**

21. We see a similar desire in 68 P.S. § 250.512 of the Landlord and Tenant Act of 1951. In 68 P.S. § 250.512, if a landlord does NOT return a security deposit within 30 days of the Tenant leaving the Rental Unit:

> (b) Any landlord who fails to provide a written list within thirty days as required in subsection (a), above, **shall forfeit all rights to withhold any portion of sums held in escrow, including any unpaid interest thereon, or to bring suit against the tenant for damages to the leasehold premises.**

22. In 1980 Judge Wettick of Allegheny County Court of Common Pleas had to address the language of 68 P.S. § 250.512 and its "**shall forfeit all rights to withhold any portion of sums held in escrow, including any unpaid interest thereon, or to bring suit against the tenant for damages to the leasehold premises**" In **Taylor v. Fitzhenry, 48 Pa. D. & C. 3d 619 - Pa: Court of Common Pleas 1987** Judge Wettick wrote:

> We can accomplish this result if we construe subsections 512(b) and 512(c) in a manner which gives primary emphasis to the portion of subsection 512(b) which states that the landlord who fails to provide the list "shall forfeit all rights to withhold any portion of sums held in escrow." If this portion of subsection 512(b) is intended to provide for the return of the full amount of the security deposit whenever the landlord fails to provide the list, then the subsequent portion of subsection 512(b) forfeiting the landlord's right "to bring suit against the tenant for damages to the leasehold premises" is intended only to prevent the landlord from raising a claim for damages to the leasehold premises for purposes of defeating the tenant's claim for the return of the security deposit. **If we construe subsection 512(b) in this fashion, we can then construe subsection 512(c) as permitting evidence of damages to the premises to be introduced only for purposes of barring the claim for double recovery**.

22. In **Bonifield v. Cassler, 16 Pa. D. & C. 3d 716 - Pa: Court of Common Pleas 1980**

> The subject of section 512 is the tenant's security deposit. Section 512 is aimed at the wrongful withholding of the security deposit. There is no indication of any legislative intent to apply subsection (b)'s harsh forfeiture provisions to the landlord who has returned the full portion of the security deposit which a tenant claims. Where a landlord seeks only to sue a tenant for alleged damages to the premises, there is no need for a tenant to receive a list of the damages within 30 days. The complaint will provide the tenant with sufficient notice and there appears to be no compelling need for a more prompt notice. **The purpose of the 30 day requirement is to force a landlord promptly either to return the security deposit to the tenant or to state**

**specifically why the deposit is being withheld. Its purpose is not to provide prompt notice of a claim for damages to the premises if no security deposit is being retained**.

23. In simple terms, in 68 P.S. § 250.512 a 30 day period was held NOT be an absolute bar to bringing a lawsuit even if the Statute is written as if it did. Landlords, through technically barred from bringing a "**suit against the tenant for damages to the leasehold premises**" were permitted to bring such an action by Judge Wettick. Judge Wettick ruled that the ban to bring a lawsuit was to preserve the effect of doubling of the Security Deposit for failing to return the security deposit within 30 days NOT a complete ban on the Landlord Recovering for damages done by the Tenants.

24. This construction of 68 P.S. § 250,512 of the Landlord and Tenant Act of 1951 gives us how to interpret a similar bar in 68 P.S. § 250.505a of the Landlord and Tenant Act of 1951. The ban only applies if the Tenant knows of her duty to recover and fails to do so do to her own actions. In this case the Landlord/Defendant were the one who prevented recovery and thus the Landlord/Defendant can NOT rely on 68 P.S. § 250.505a for when read as a whole 68 P.S. § 250,.505a is to force Tenants to make every reasonable effort to recover their personal property when the LANDLORD is working with them to do so, NOT as in this case when the Landlord was the one STOPPING the Tenants from recovering their property.

25. In this case the action of the Landlord/Defendant was the reason why Suzan Moore was unable to recover her property and that is a clear violation of 68 P.S. § 250.505a if read as a whole along with the case law as to the law prior to the passage of 68 P.S. § 250.505a. The Landlord MUST give the TENANT the opportunity to recover the Tenant's property and in this case no such opportunity was presented to the Tenant by the actions of the Landlord and his REFUSAL to permit her to recover her personal property, which includes the following:

WHEREFORE, The Plaintiff has a good reason for MISSING the hearing and has a good argument for prevailing after a hearing and we pray this court to grant her a hearing OR after review of the law grant her the right to recover her personal property.

Date  **March  27, 2014**

Attorney  **/s/ Paul H, Mentzer**
        **Paul H, Mentzer**