# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: SUZAN ANN MOORE | ) Bankruptcy No. 13-70150- JAD |
| Debtor, | ) |
| | )      Chapter 7 |
| | ) |
| SUZAN ANN MOORE, | ) |
| Plaintiff, | ) |
| Vs. | ) |
| | ) Adversary No. 13-7023- JAD |
| | ) |
| LANE M. LaLONE | ) |
| Defendant, | ) |

## BRIEF FOR DEFENDANT

COMES NOW, the Defendant, Lane M. LaLone, by and through his attorney, Timothy J. Sloan, Esquire and does file the within Brief upon a cause whereof the following is a statement, to wit:

I.  **FACTS**:

Defendant, as landlord and Plaintiff and her husband (Benjamin Moore), as tenants, had entered into a lease for residential real estate situate at 1136 Club Drive, Johnstown, Pennsylvania. Upon failure of the tenants to pay rent, Defendant, Lane LaLone obtained a Judgment for Possession of said real estate from Magisterial District Judge John W. Barron on December 20, 2012. (See Exhibit "A.")

On January 2, 2013, Judge Barron issued an Order for Possession which was served on the tenants on January 2, 2013, by Constable Samuel R. Allison, Sr. Said Order contained a

Notice Concerning Personal Property Left in Rental Property as specified in 68 Pa.C.S.A. §505.1 (a)(2) (b). (See Exhibit "B") The Return for the Order for Possession specified that Mr. and Mrs. Moore were to vacate the premises on or before <u>January 13, 2013</u>.  (See exhibit "C.").

On February 13, 2013, the aforementioned constable effectuated the eviction of Mr. and Mrs. Moore from the premises at 1136 Club Drive, Johnstown, Pennsylvania. As previously noted, neither Tenant contacted the Defendant, Lane LaLone relative to any personal property left in the vacated premises.

**ISSUE: WHAT IS THE PROBABILITY OF SUCCESS ON THE UNDERLYING MERITS OF PLAINTIFF'S CLAIMS UNDER THE LANDLORD TENANT ACT?**

Defendant asserts that the key issue to Plaintiff's claim for a return of her personal property is that she notified the Defendant, within ten (10) days after eviction, of her intention to retrieve said personal property.  The Plaintiff cannot succeed on the merits of her claim as she did not so notify the Defendant.  The underlying pleading in this case ("Motion to Recover Exempt Property from Creditor that holds the property"), does not even contain an allegation that the Plaintiff contacted the Defendant as required by the Landlord Tenant Act.   The Defendant had no contact with the Plaintiff relative to personal property until after she commenced this Bankruptcy proceeding on March 1, 2013.

Pursuant to section 505.1 of the Pennsylvania Landlord Tenant Act of 1951 (as amended)  (68 Pa.C.S.A. §505.1), once a Writ of Possession has been executed in favor of the Landlord and Notice is given that the tenant has ten days to contact the Landlord

regarding any personal property remaining in the premises, if no communication is made to the landlord within ten days, " the property may be disposed of at the end of the ten days at the discretion of the landlord." 68 Pa.C.S.A. §505.1 (See amended statute attached as Exhibit "D.").

By providing that the Landlord may dispose of personal property at his discretion, the law makes it clear the tenant has lost all rights to the property. Accordingly the property is effectively abandoned upon failure to contact the landlord within ten days of eviction. The landlord is clearly not required to store the tenant's abandoned property for an indefinite period or to wait and see if the tenant resorts to the Bankruptcy Court in an effort to restore rights to property that have been lost.

Debtor filed the instant Bankruptcy case on March 1, 2013. It is the position of the Defendant that the personal property left in the rental property was effectively abandoned by the Debtor as of January 13, 2013 and therefore did not constitute property of the Bankruptcy Estate that could be the subject of any exemption claimed by the Debtor. (See: Dollar Rons, II, LLC v. Dorado Investors Associates, LLC, (2008 Bankr. LEXIS 1205).

    Respectfully submitted,

       /s/ Timothy J. Sloan
    Timothy J. Sloan, Esquire
    Attorney for Defendant
    107 E. Lloyd Street
    PO Box 330
    Ebensburg, PA 15931
    (814) 471-6771